IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DR. MANHUA MANDY LIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 11-3158 |
| | : | |
| ROHM AND HAAS COMPANY | : | |
| d/b/a DOW ADVANCED MATERIALS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM**

YOHN, J.                                                                               May 22, 2012

Defendant, Rohm and Haas Company d/b/a Dow Advanced Materials ("Rohm and

Haas"), has filed a motion for reconsideration of my March 26, 2012, memorandum and order

insofar as I denied its motion to dismiss certain claims against it. For the reasons set forth below,

I will deny the motion to reconsider.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or

to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.

1985). A court may grant a motion for reconsideration if the moving party demonstrates at least

one of the following grounds: "(1) an intervening change in the controlling law; (2) the

availability of new evidence that was not available when the court [issued its order]; or (3) the

need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe*

*v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere dissatisfaction with a court's ruling is not a

proper basis for reconsideration, *see Progressive Cas. Ins. Co. v. PNC Bank, N.A.*, 73 F. Supp. 2d

485, 487 (E.D. Pa. 1999), and a motion for reconsideration may not be used to make arguments,

or present evidence, that could have been made or presented before the court issued its order, *see Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (not precedential).

Dr. Manhua Mandy Lin brought this action against Rohm and Haas, alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Pennsylvania Human Relations Act (the "PHRA"), 43 Pa. Stat. Ann. §§ 951 *et seq.*, as well as breach of contract and intentional interference with prospective contractual relations. Dr. Lin's claims in this action stem largely from Rohm and Haas's conduct in a prior (and still ongoing) lawsuit brought by the company in state court on June 2, 2000. In its motion to dismiss, Rohm and Haas made several arguments for dismissing Dr. Lin's complaint, among them that its First Amendment right of access to the courts precludes Dr. Lin's claims.

In denying, in part, Rohm and Haas's motion to dismiss, I assumed, as Rohm and Haas contended, that the "objectively baseless" standard articulated by the Supreme Court in *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49 (1993), applies here, in the context of Dr. Lin's Title VII and state-law claims. But, given the record before me, I was unable to conclude as a matter of law that Rohm and Haas's actions were not objectively baseless. Rather, I concluded that the question whether there was an objectively reasonable basis for the events on which Dr. Lin bases her claims presented factual issues that could not be resolved at the motion-to-dismiss stage.

In its motion for reconsideration, Rohm and Haas argues that my conclusion constitutes a clear error of law. Rohm and Haas contends that a determination as to whether its acts were objectively baseless "can and should be made at this stage of the case" and that the state-court record establishes, as a matter of law, that its acts were not objectively baseless. (Def.'s Br. at 2.) In support of its argument, Rohm and Haas has now submitted several documents from the state-

court record. None of these documents, however, was provided in connection with Rohm and Haas's motion to dismiss. In a footnote in its brief supporting its motion to dismiss, Rohm and Haas asserted that because the state-court record was sealed, it could not attach to its motion any filings from the state court, but that if "this Court determine[d] that access to parts of the State Court sealed record would assist in the determination of this motion, [it would] seek the necessary approvals." (Def.'s Mem. of Law in Supp. of Mot. to Dismiss at 6 n.9.) But to the extent that Rohm and Haas believed that the state-court record supported its argument for dismissing Dr. Lin's claims on First Amendment grounds, Rohm and Haas should have sought the necessary approvals from the state court and provided those documents in connection with its motion to dismiss. Rohm and Haas may not use a motion for reconsideration to present evidence that could have been presented before I ruled on its motion to dismiss. Accordingly, I will deny Rohm and Haas's motion for reconsideration of its argument that its First Amendment right of access to the courts precludes Dr. Lin's claims.

Alternatively, Rohm and Haas contends that I should dismiss Dr. Lin's breach-of-contract claim for reimbursement for time and expenses associated with post-employment services she provided, as well as her tortious-interference claim, as untimely.

With respect to Dr. Lin's breach-of-contract claim for reimbursement, in my prior opinion regarding Rohm and Haas's motion to dismiss, I noted that Dr. Lin had not alleged any specific dates associated with this claim in her complaint. And because she did not address this claim in her brief opposing Rohm and Haas's motion to dismiss, I did not address it in my opinion. But Dr. Lin now concedes that this claim is time-barred. (*See* Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Reconsideration at 15.) Accordingly, I will dismiss this claim.

With respect to Dr. Lin's tortious-interference claim, in my prior opinion I concluded

that, because it was not clear from the face of Dr. Lin's complaint whether the claim was time-barred, I could not dismiss her claim on statute-of-limitations grounds. Because Rohm and Haas has not demonstrated any basis for reconsidering my conclusion, I will deny its motion for reconsideration of its argument that Dr. Lin's tortious-interference claim is untimely.

In sum, I will deny Rohm and Haas's motion for reconsideration, but, because Dr. Lin now concedes that one of her breach-of-contract claims is time-barred, I will dismiss that claim. An appropriate order accompanies this memorandum.