# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. MANHUA MANDY LIN, | |
| Plaintiff, | |
| v. | 2:11-cv-3158-WY |
| ROHM AND HAAS COMPANY d/b/a/ DOW ADVANCED MATERIALS, | |
| Defendant. | |

## MEMORANDUM

YOHN, J.                                                                                              July 16, 2014

### I.   Background

On May 13, 2011, Dr. Manhua Mandy Lin filed suit against her former employer Rohm and Haas Company d/b/a/ Dow Advanced Materials ("RH") related to RH's conduct in a lawsuit brought by the company in state court and not yet resolved, as well as approaches RH allegedly made to the U.S. Department of Energy. Lin claimed violation of the anti-retaliation provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; violation of the analogous provision of the Pennsylvania Human Relations Act (the "PHRA"), 43 Pa. C.S.A. §§ 952 *et seq.*; breach of contract; and intentional interference with prospective contractual relations.

On September 26, 2013, RH moved for summary judgment contending that (1) the Petition Clause of the First Amendment provided a qualified immunity for all of its allegedly actionable conduct; (2) the Pennsylvania judicial privilege doctrine absolutely immunized its conduct in the state court litigation; (3) Lin could not make a prima facie case or carry her final

burden in pursuing her anti-retaliation claims; (4) Lin's breach of contract claim was time-barred; and (5) Lin lacked standing to pursue her intentional interference claim. On April 14, 2014, I agreed with RH that Lin's breach of contract claim was time-barred and that she lacked standing to pursue her intentional interference claim, and I granted judgment to RH on those claims accordingly. I found RH's other arguments unavailing, however, and I denied the remainder of the motion. Specifically as to RH's defense based on the Pennsylvania judicial privilege doctrine, I found that the privilege was inapposite given that (1) state common law cannot provide a defense to a federal cause of action, and (2) federal courts in the Third Circuit interpret the PHRA co-extensively with Title VII. *See Lin v. Rohm & Hass Co.*, 2:11-cv-3158-WY, 2014 WL 1414304 (E.D. Pa. Apr. 14, 2014).

RH  filed a motion for reconsideration of my April 14, 2014 order. In it, RH now expands on its contention that even if a state law privilege cannot provide a defense to a federal claim, such as under Title VII, I nevertheless made clear legal error in concluding that the Pennsylvania judicial privilege does not provide a defense to a PHRA retaliation claim.

**II.     Discussion**

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal quotation omitted). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.*

Under the Pennsylvania judicial privilege doctrine, "a person is entitled to absolute immunity for communications which are issued in the regular course of judicial proceedings and which are pertinent and material to the relief or redress sought." *Bochetto v. Gibson*, 860 A.2d 67 (Pa. 2004). In support of RH's argument that I made clear legal error in finding the Pennsylvania judicial privilege does not apply to Lin's PHRA claim, RH points to three Pennsylvania cases; *Kemper v. Fort*, 67 A. 991 (Pa. 1907), a libel case; *Greenberg v. Aetna Insurance Co.*, 235 A.2d 576 (Pa. 1967), also a libel case; and *Clodgo v. Bowman*, 601 A.2d 342 (Pa. Super. 1992), a negligence case about an erroneously reported court-ordered paternity test. None of these cases identifies the judicial privilege as a defense to a statutory cause of action such as the PHRA, let alone identifies the judicial privilege as a defense to a PHRA claim specifically. *Cf. Hill v. Lazarou Enterprises, Inc.*, 2011 WL 860526 (S.D. Fla. Feb. 18, 2011) *report and recommendation adopted,* 2011 WL 860475 (S.D. Fla. Mar. 9, 2011) ("The Florida Supreme Court has held that . . . the litigation privilege applies in all causes of action, whether for common-law torts or statutory violations."). The Pennsylvania Supreme Court has not assessed whether the privilege immunizes state court conduct against PHRA claims or other claims without roots in the common law. Meanwhile, *LLMD of Michigan, Inc. v. Jackson-Cross Co.*, 740 A.2d 186 (Pa. 1999) makes clear that extensions of the privilege beyond defamation and libel should be based chiefly on whether extension would serve the policy goals of the privilege. The Pennsylvania Supreme Court has identified those goals in *Post* and *Bochetto* as "[t]o assure that claims are justly resolved, it is essential that pertinent issues be aired in a manner that is unfettered by the threat of libel or slander suits being filed." *See Bochetto*, 860 A.2d at 71 (quoting *Post v. Mendel*, 507 A.2d 351 (Pa. 1986)).

3

Without any precedent from the Pennsylvania Supreme Court or the Third Circuit, as opposed to Florida, that the litigation privilege applies to PHRA retaliation claims, it cannot be that my previous analysis was "clear error" given that there is no litigation communications privilege defense to Title VII and "Pennsylvania courts . . . generally interpret the PHRA in accord with its federal counterparts." *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996).

As RH does not correct a manifest error of law in its motion for reconsideration, the motion will be denied. *See Max's Seafood Cafe*, 176 F.3d at 677.[1] An appropriate order follows.

---

[1] The Pennsylvania privilege only applies to communications within the regular course of judicial proceedings. *Bochetto*, 860 A.2d at 71. Lin's PHRA claim is independently founded, in part, on alleged extrajudicial communications between RH and the Department of Energy.